

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed February 13, 2006                          United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JACK BALDWIN and | § | Case No. 05-34593 HDH-7 |
| RUTH ARNETTA BALDWIN, | § | |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| COUNTY OF DALLAS, TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 05-3591 |
| | § | |
| JACK BALDWIN and | § | |
| RUTH ARNETTA BALDWIN, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION ON DISCHARGEABILITY COMPLAINT**

Came before the Court for trial on February 7, 2006, the Complaint objecting to

dischargeability, pursuant to 11 U.S.C. § 523(a)(5),[1] filed by Plaintiff, County of Dallas, Texas.

---

[1] The Complaint also contained a count under 11 U.S.C. § 727(a)(4)(A) for a false oath in connection with the Debtors' bankruptcy schedules. Both the Plaintiff withdrew this assertion at trial.

In the Complaint, Plaintiff seeks to except from discharge its claim based on a state court judgment to help defer the costs for placement of the Defendants' adopted daughter with the County.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 151, and the standing order of reference in this district. This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(I).

I.     Facts

The facts are largely agreed to by the parties and will be discussed briefly here for background.  The Defendants' adopted 12 year-old daughter assaulted her mother, Ruth Arnetta Baldwin, on or about January 17, 2005.  As a result of the assault, the child was charged as a juvenile under the age of 17 with violation of the Texas Penal Code.  A plea of guilty was entered, and the 304th Juvenile District Court, Dallas, Texas, entered a *Nunc Pro Tunc Order of Adjudication and Judgment of Disposition with Placement*, signed April 18, 2005 (the "Nunc Pro Tunc Order).

Under the Nunc Pro Tunc Order, the child was placed on probation for 12 months.  The Court found that the child's home could not provide the quality of care and level of support and supervision she needed to meet the conditions of probation.  The child was removed from the home, placed in the custody of Child Protective Services, and sent to be placed with a program called Positive Steps.  At the time of the Nunc Pro Tunc Order, the Defendants were receiving an adoption subsidy of $519.00 per month from the state.  The Defendants were ordered to pay

placement fees of $1,000.00 per month, including the adoption subsidy.[2]

The Nunc Pro Tunc Order ordered Defendants to make these payments to Jim Hamlin, District Clerk, at the Henry Wade Juvenile Justice Center. Any payments ordered for placement costs terminated at such time as the child was released from the placement facility. The Defendants never made a payment pursuant to the Nunc Pro Tunc Order, but instead filed their current Chapter 7 bankruptcy on April 24, 2005, listing their debt to the County on their schedules. The County filed a priority unsecured claim for the full amount of the judgment in the Defendants' bankruptcy case.

II.     Issue

Is the County's unsecured priority claim exempted from discharge pursuant to 11 U.S.C. § 523(a)(5)?

III.    Analysis

Under 11 U.S.C. § 523(a)(5), any debt owed "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record" is non-dischargeable. The parties agree that the payments required by the Nunc Pro Tunc Order were for either maintenance for or support of the Defendants' minor child. They also agree that the child did not assign this debt to the County, § 523(a)(5)(A), but rather the Nunc Pro Tunc Order itself makes payment due directly to the County. Where they disagree, is over whether the fact that the debt in question is not owed to the child, but is instead owed to the County, is controlling.

---

[2] After the Nunc Pro Tunc Order was entered, the Defendants' adoption subsidy was withheld by the State, and the parties agreed on the record at trial that the County's claim was reduced by this amount to $481.00 per month for 12 months, or $5,772.00 in total.

The Defendants cite *Dekalb County Division of Family and Children Services v. Platter (In re Platter),* 140 F.3d 676 (7th Cir. 1998), which held that where a debtor owes a debt to a governmental agency directly for support payments for a spouse or child, the debt is dischargeable. *Id*. at 681-682. Plaintiff cites *In re Canganelli*, 132 B.R. 369 (Bankr N.D. Ind. 1991), which states that the principal focus of the inquiry is whether the debt is in the nature of a legal support obligation. *Id*. at 394. In *Canganelli*, the fact that the County, and not the child, was named as payee was considered irrelevant.

The Fifth Circuit has not addressed this issue. But it has directed that statutes are to be interpreted according to their plain meanings. *Gaddis v. U.S.*, 381 F.3d 444, 472 (5th Cir. 2004). "In determining a statute's plain meaning, we assume that, absent any contrary definition, Congress intends the words in its enactments to carry their ordinary, contemporary, common meaning. . . . If the language is clear, then the inquiry should end." *Boyce v. Greenway (In re Greenway)*, 71 F.3d 1177, 1179 (5th Cir. 1996) (internal quotations and citations omitted). "It is not the job of the courts to legislate, and the Supreme Court has counseled that where the statutory language is plain, 'the sole function of the court is to enforce it according to its terms.'" *Id.* at 1180 (citing *Ron Pair Enterprises, Inc.*, 489 U.S. at 241, 109 S.Ct. at 1030 (1989)).

From its plain meaning, § 523(a)(5) is not applicable to debts not owed to "a spouse, former spouse, or child." Thus, the Court finds *Platter* persuasive, and the County's assertion that its claim is not dischargeable pursuant to this section must be denied.

A separate judgement will be entered consistent with this decision.

###End of Opinion###